UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE BECERRA, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RECOVERY SOLUTIONS, LCC, a New York Corporation,<br><br>Defendant. | Civil No. 13-cv-1547-BEN (DHB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION TO AMEND THE "SCHEDULING ORDER THROUGH CLASS CERTIFICATION" AND VACATE PLAINTIFF'S DEADLINE TO FILE FOR CLASS CERTIFICATION**<br><br>**[ECF No. 24]** |

On June 24, 2014, Plaintiff Stefanie Becerra filed an *ex parte* application to amend the Court's February 24, 2014 Scheduling Order Through Class Certification ("Scheduling Order") (ECF No. 22) and to vacate Plaintiff's June 30, 2014 deadline to file a motion for class certification. (ECF No. 24.) Defendant National Recovery Solutions, LLC filed an opposition to Plaintiff's *ex parte* application on June 30, 2014. (ECF No. 25.) For the reasons stated below, Plaintiff's *ex parte* application is **DENIED WITHOUT PREJUDICE** to Plaintiff seeking modification of the Scheduling Order pursuant to the procedures set forth below.

In her *ex parte* application, Plaintiff indicates that she recently became aware that Defendant did not use an autodialer to dial her cell phone number but that Defendant

recorded calls with Plaintiff and others without advising or warning that the calls would be recorded. As a result, Plaintiff desires to file an amended complaint deleting her current cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and adding a new cause of action under California's Invasion of Privacy Act, CAL. PENAL CODE § 630 *et seq.*, which prohibits the recording of calls to and from cellular phones without consent. Plaintiff requests in her *ex parte* application that the Court vacate her June 30, 2014 deadline to file a motion for class certification and that a new scheduling order be issued, including a new discovery deadline to permit discovery addressing the proposed new cause of action, following the filing of Plaintiff's amended complaint.

Defendant opposes Plaintiff's *ex parte* application for several reasons. First, Defendant contends that no emergency warrants use of an *ex parte* application, and whether the Scheduling Order should be vacated should be addressed by way of a regularly noticed motion. Second, Defendant contends Plaintiff cannot demonstrate good cause for the requested relief because she has not diligently investigated the merits of her case. Specifically, Defendant produced evidence to Plaintiff four months ago proving that Defendant did not use an autodialer to contact Plaintiff, and Plaintiff has been aware of the evidence purportedly supporting the proposed new cause of action for more than two months. Thus, Defendant contends Plaintiff has not been diligent. Finally, Defendant contends Plaintiff's *ex parte* application fails to comport with Local Civil Rule 83.3(h) in that Plaintiff's counsel provided insufficient notice to Defendant's counsel of Plaintiff's intent to seek *ex parte* relief.

As an initial matter, the Court agrees with Defendant that Plaintiff's *ex parte* application is procedurally improper. Plaintiff's counsel's email to Defendant's counsel on the afternoon of the day Plaintiff filed her application was not made within a reasonable time.

More importantly, however, Plaintiff's requested relief is now improper given that the Honorable Roger T. Benitez struck Plaintiff's motion for leave to file an amended

complaint on July 1, 2014 on the basis that Plaintiff's motion was filed more than two months after the April 16, 2014 deadline to file a motion to amend the pleadings. (ECF No. 26.) In order for Judge Benitez to consider a motion for leave to file an amended complaint, Plaintiff must first obtain modification of the Scheduling Order's deadline to file such a motion. However, Plaintiff does not request this relief in her current *ex parte* application. Further, although the parties have discussed whether good cause exists for the specific relief sought in Plaintiff's application, the parties have not thoroughly briefed the governing legal standards, including those discussed in *Mireles v. Paragon Sys., Inc.*, No. 13-CV-122-L (BGS), 2014 U.S. Dist. LEXIS 17230 (S.D. Cal. Feb. 11, 2014).

In order to have a complete record before the Court, and to enable the parties to fully-brief the applicable legal standards as discussed in *Mireles*, IT IS HEREBY ORDERED that the parties shall *jointly* file a document addressing whether Plaintiff can demonstrate good cause and excusable neglect as required to modify the April 16, 2014 deadline to file a motion to amend the pleadings. The parties shall file this document no later than **July 11, 2014**.

**IT IS SO ORDERED.**

DATED: July 3, 2014

DAVID H. BARTICK
United States Magistrate Judge