UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE BECERRA, on behalf of herself, and all others similarly situated,<br><br>                                                  Plaintiff,<br><br>     v.<br><br>NATIONAL RECOVERY SOLUTIONS, LLC, a New York Corporation,<br><br>                                                  Defendant. | Civil No.   13-cv-1547-BEN (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO PERMIT FILING OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[ECF No. 28]** |

On July 3, 2014, the Court denied without prejudice Plaintiff Stefanie Becerra's application to amend the Court's February 24, 2014 Scheduling Order Through Class Certification ("Scheduling Order") (ECF No. 22) and instructed the parties to file a joint document addressing whether Plaintiff can demonstrate good cause and excusable neglect to modify the Scheduling Order's April 16, 2014 deadline to file a motion to amend the pleadings. (ECF No. 27.) On July 11, 2014, the parties filed a joint motion in which Plaintiff contends she can demonstrate good cause and excusable neglect, and Defendant National Recovery Solutions, LLC contends Plaintiff cannot. (ECF No. 28.)

Having reviewed the parties' arguments and the applicable law, and for the reasons discussed below, the Court **GRANTS** Plaintiff's request to modify the deadline to file a motion for leave to file an amended complaint.

## I. BACKGROUND

Plaintiff commenced this putative class action on July 2, 2013 by filing a Complaint alleging Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by negligently, knowingly, and/or willfully contacting Plaintiff on her cellular telephone without Plaintiff's prior express consent by use of an automatic telephone dialing system for purposes of collecting a debt. (ECF No. 1.)

Discovery was stayed in this matter until the parties completed their Rule 26(f) conference on February 6, 2014. Subsequently, on February 24, 2014, the Court conducted a Case Management Conference and issued the Scheduling Order which set a deadline of April 16, 2014 for the parties to move to join other parties, amend the pleadings, or file additional pleadings. (ECF No. 22 at ¶ 1.) The Scheduling Order also set a May 30, 2014 deadline to complete discovery related to class certification, and a June 30, 2014 deadline for Plaintiff to file a motion for class certification. (*Id.* at ¶¶ 2-3.)

On February 26, 2014, Plaintiff served Defendant with her first sets of interrogatories and requests for production of documents requesting, in part, that Defendant produce all communications between Defendant and Plaintiff, including any account notes, notes and other writings by Defendant relating to such communications, and including audio recordings made of any phone calls between Defendant and Plaintiff.

On March 28, 2014, Defendant served responses and objections to Plaintiff's discovery, but did not produce any responsive documents. It was not until April 23, 2014, one week *after* the deadline to move to amend pleadings, that Defendant produced a single audio recording of a phone conversation between Plaintiff and one of Defendant's representatives. Defendant subsequently produced three additional audio recordings on May 2, 2014.

Based on the evidence uncovered as a result of the audio recordings produced by Defendant, Plaintiff now desires to amend her Complaint to add a new cause of action under California's Invasion of Privacy Act, CAL. PENAL CODE § 630 *et seq.*, which prohibits the recording of calls to and from cellular phones without consent. Plaintiff also

concedes that her original TCPA claims lack merit because, as learned in discovery, Defendant did not use an autodialer to dial her cellular phone. Accordingly, Plaintiff's anticipated First Amended Complaint would omit the TCPA claims and include a single cause of action under the Invasion of Privacy Act based on the allegedly illegal recordings.

Before Plaintiff can move to file an amended complaint, however, she must demonstrate good cause and excusable neglect for failing to make such a motion prior to the expiration of the April 16, 2014 deadline. As set forth below, the Court finds Plaintiff has satisfied this burden and that she should be permitted to file a motion for leave to file a First Amended Complaint.

## II.  LEGAL STANDARD

"In general, the dates and times set in the scheduling order will not be modified except for good cause shown." *Mireles v. Paragon Sys., Inc.*, No. 13-CV-122-L (BGS), 2014 U.S. Dist. LEXIS 17230, at *5 (S.D. Cal. Feb. 11, 2014) (citing FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")).

> When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [it] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [it's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order."

*Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

"In addition, when any motion to extend time is made *after* time has expired, Rule 6 requires the parties to address excusable neglect." *Mireles*, 2014 U.S. Dist. LEXIS 17230, at *6 (citing FED. R. CIV. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.")). The Supreme Court has identified several factors courts

should consider when "determining whether a party's neglect of a deadline is excusable," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted). "The weight assigned to the various *Pioneer* factors is left to the court's discretion." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

### III. DISCUSSION

#### A. Parties' Arguments

Plaintiff contends she can satisfy the good cause requirement for several reasons. First, the Scheduling Order set an "unusually short" period of time for Plaintiff to move to amend in light of the necessary discovery and analysis of evidence that would be required to decide whether to seek amendment. Second, Defendant did not produce the audio recordings demonstrating a failure to warn that the calls would be recorded until *after* the April 16, 2014 deadline to move to amend. Third, Plaintiff contends she has been diligent in seeking modification since becoming aware of the recordings' contents, and that a five to six week delay is not unreasonable because Plaintiff had begun preparing an amended complaint and propounding discovery relating to the new cause of action during that time.

Plaintiff also contends she can satisfy the excusable neglect requirement for several reasons. First, Defendant will suffer no prejudice because the relief requested is merely an opportunity to file a motion for leave to amend and there will not be a need for significant additional discovery because the proposed new cause of action relates to the same set of general facts currently at issue in the original Complaint. Second, there will be little impact on judicial proceedings because no trial date has been set and there are no pending dispositive motions. Third, the reason for delay was not within Plaintiff's control because it was Defendant that produced the audio recordings after the deadline to move to amend despite Plaintiff having requested the discovery on February 26, 2104.

Fourth, Plaintiff contends she has not acted in bad faith and that she has diligently pursued discovery and attempted to negotiate a stipulation with Defendant to amend the Complaint.

Defendant opposes Plaintiff's arguments in several ways. First, Defendant contends Plaintiff has known about the audio recordings since at least February 18, 2014 when she identified them in her initial disclosures. Despite being aware of the recordings in February, however, Defendant asserts Plaintiff delayed until June 12, 2014 before she ever mentioned to Defendant's counsel the potential for a new claim, and it was only brought up in response to Defendant's claim for attorney's fees and costs for having to defend Plaintiff's baseless claim that Defendant used an autodialer in violation of the TCPA. Second, Defendant claims Plaintiff has made inconsistent representations about the recordings, namely, that when she initially requested an amendment of the Scheduling Order Plaintiff asserted she did not know the calls were recorded until she learned that fact through the course of discovery, but she now contends she was not aware of a violation of California's Invasion of Privacy Act until she had an opportunity to actually hear the recordings. Third, Defendant refutes Plaintiff's argument that the time allotted by the Court for moving to amend the complaint was insufficient because, according to Defendant, Plaintiff never raised this concern during the Case Management Conference and, in any event, the time period is not relevant because Plaintiff is seeking to add an entirely new claim. Fourth, Defendant claims Plaintiff cannot demonstrate excusable neglect because (a) permitting Plaintiff to change the entire case at a late stage would be extremely prejudicial to Defendant because all the effort expended thus far will be for naught; (b) the length of delay and impact on the judicial proceedings will be great; and (c) Plaintiff is solely to blame for the delay because she knew of the existence of the recordings in February 2014.

/ / /

/ / /

/ / /

**B.     Analysis**

    **1.     Good Cause**

The Court finds Plaintiff has established good cause for modifying the Scheduling Order to permit her to seek leave to file an amended complaint.

First, contrary to Defendant's position that Plaintiff never complained about the short time frame allotted by the Court for moving to amend, the Court notes that Plaintiff proposed in the Joint Discovery Plan that the deadline be set for June 2015. Further, the Court's internal notes from the Case Management Conference indicate that Plaintiff did indeed request a longer period of time for the deadline to move to amend. Thus, Plaintiff satisfies the first prong requiring that she be diligent in creating a workable scheduling order under Rule 16.

Second, Plaintiff's noncompliance with the Scheduling Order's April 16, 2014 deadline resulted, despite her diligent efforts, from the development of matters which could not have been reasonably anticipated at the time of the Case Management Conference. Indeed, it is apparent that Plaintiff's failure to meet the April 16, 2014 deadline was not a result of her own delay, but rather it was due to Defendant's failure to produce the audio recordings until *after* the deadline had already passed. Notably, Plaintiff served discovery within days of the Case Management Conference, and Defendant should have timely produced the audio recordings more than two weeks before the April 16, 2014 deadline. Whether Defendant's delay was justified or, as Plaintiff suggests, intentional, does not change the fact that had Defendant produced the recordings in a timely fashion Plaintiff would have been able to meet the deadline. Thus, Defendant's contention that "Plaintiff is solely to blame for the delay" (ECF No. 28 at 15:6-7) is unsupported. *See Mireles*, 2014 U.S. LEXIS 17230, at *7-8 (finding that discovery produced after deadline to move to amend complaint "make[s] compliance with the . . . deadline a temporal impossibility that was unforeseen at the time the scheduling order was issued."); *Valles v. Gen-X Echo B, Inc.*, No. 13-cv-00201-RM-KLM, 2013 U.S. Dist. LEXIS 155628, at *12 (D. Colo. Sept. 27, 2013) ("In some cases, a party may learn

new information after the amendment of pleadings deadline has passed and, in such an instance, the newly-acquired information satisfies Rule 16's good cause requirement." (citing *Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001) ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."); *Lewis v. Denver Fire Dep't*, No. 09-cv-00004-PAB-MJW, 2010 U.S. Dist. LEXIS 102659, at *7-8 (D. Colo. Sept. 28, 2010) (good cause shown to amend complaint after the scheduling order's deadline where plaintiff first learned of new information through depositions)).

Further, the Court rejects Defendant's contention that Plaintiff could have met the deadline simply because she knew of the existence of the audio recordings in February. Although Plaintiff disclosed the potential use of audio recordings in her initial disclosures, it is not clear whether Plaintiff definitively knew that recordings existed. Moreover, it is clear that Plaintiff did not have the contents of the recordings until they were disclosed by Defendant.[1]

Third, Plaintiff was diligent in seeking amendment of the Scheduling Order once it became apparent that she could not comply with the April 16, 2014 deadline. As noted above, Plaintiff received the audio recordings on April 23, 2014 and May 2, 2014. On April 30, 2014, she served additional discovery on Defendant seeking confirmation of Defendant's recording policies and procedures as well as information about specific recordings of phone calls involving Plaintiff. Plaintiff was entitled to pursue confirmatory discovery on this issue before moving to amend. Moreover, during the relatively brief delay of less than two months, Plaintiff worked on an amended complaint

---

[1] Defendant contends Plaintiff cannot rely on her receipt of the audio recordings to support her good cause argument because Plaintiff knew at the time of the calls whether they were being recorded because the automated greeting informed her that they were. However, Plaintiff contends she was *not* warned the calls were recorded, and that this fact supports her proposed claim for violation of California's Invasion of Privacy Act. The Court declines to resolve the parties' differing views about the existence of any warnings and the merits of Plaintiff's proposed cause of action.

and attempted to obtain a stipulation from Defendant on June 12, 2014. *See Mireles*, 2014 U.S. 17230, at *10 (finding good cause exists to allow plaintiffs to move to amend complaint "[b]ased on Plaintiffs' representation that they were in the process of preparing an amendment to the FAC . . . and communicating with Defendant to achieve a stipulation to the proposed amendment."). "While the pace with which Plaintiff moved was not as efficient as it could have been, it was not outside the realm of reasonable practice in light of [her] attempts to negotiate a stipulation with respect to the amendment." *Id.*

In conclusion, the Court finds Plaintiff has established good cause for modifying the Scheduling Order to permit Plaintiff to seek leave to file a First Amended Complaint.

**2. Excusable Neglect**

The Court also finds Plaintiff has established excusable neglect for not complying with the April 16, 2014 deadline to move for leave to amend her Complaint.

First, despite Defendant's protestations to the contrary, there does not appear to be any significant prejudice to Defendant by allowing Plaintiff to seek leave to file a First Amended Complaint. In all probability, if Plaintiff is not permitted the relief she now seeks she will simply turn around and file her proposed cause of action in a new complaint in a new action. Defendant will need to face the music either way. Further, Defendant's efforts thus far in this litigation will not be for naught. Those efforts have resulted in Plaintiff's concession that the original claims lack merit.

Second, permitting Plaintiff to file a motion for leave to file a First Amended Complaint will not unreasonably delay this case or negatively impact the Court's proceedings. Despite this case having been filed over one year ago, it is relatively early on in the proceedings, with the parties having only engaged in limited class certification discovery and with no motion for class certification on file.[2]

---

[2] Defendant's own argument contradicts Defendant's position that Plaintiff is seeking to change the entire lawsuit at a late stage of the litigation. (*See* ECF No. 28 at 14:24-27 (recognizing the parties have, to date, participated in an *Early* Neutral Evaluation Conference, *initial* disclosures, and *initial* written discovery).)

Finally, as discussed above, the reason for Plaintiff's delay was beyond Plaintiff's control and attributed to Defendant's failure to timely produce the audio recordings that allegedly support Plaintiff's proposed new cause of action until after the deadline for Plaintiff to move to amend her complaint had already passed. Similarly, nothing in the record suggests Plaintiff has not acted in good faith during this case.

In conclusion, the Court finds Plaintiff has established excusable neglect for failing to move for leave to file a First Amended Complaint prior to the expiration of the deadline set forth in the Court's Scheduling Order.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's request for a modification of the Scheduling Order permitting her to seek leave to file a First Amended Complaint is **GRANTED**. IT IS HEREBY ORDERED:

1. The Court's February 24, 2014 Scheduling Order (ECF No. 22) is amended to permit Plaintiff to file a motion for leave to file a First Amended Complaint no later than **July 31, 2014**. Plaintiff should contact the chambers of the district judge assigned to this case to obtain a hearing date on her motion.
2. In the event the district judge grants Plaintiff's motion, the Court will issue a new scheduling order.

**IT IS SO ORDERED.**

DATED: July 24, 2014

DAVID H. BARTICK
United States Magistrate Judge